UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SIERRA AIELLO, Individually and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**CLEAR CONSCIENCE COUNSELING, LLC, and all other affiliated entities and/or joint employers and JOHN A. GORE, Individually,**<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff SIERRA AIELLO ("Aiello" or "Plaintiff") on behalf of herself and all others similarly situated, by and through the undersigned attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, CLEAR CONSCIENCE COUNSELING, LLC and all other affiliated entities and/or joint employers ("Clear Conscience" or "Corporate Defendant"), and JOHN A. GORE, individually ("Gore" or "Individual Defendant") (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself

1

and all other persons similarly situated – administrative assistants- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in July, 2022, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, as well as liquidated damages and/or treble damages, as applicable, attorneys' fees, and costs associated with the prosecution of this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt administrative assistant duties for the Defendants based from Defendants' mental health counseling office located in South Plainfield, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a mental health counseling office with annual sales or gross receipts of $500,000.00, or more. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., transacting business via interstate telephone calls, the United States mail, and the interstate banking and finance systems via credit card transactions. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Sierra Aiello is an adult individual who is a resident of Piscataway, New Jersey.

11. Plaintiff Aiello was employed by Defendants as an administrative assistant performing reception, scheduling, telephone call duties and other assistant functions in furtherance of Defendants' mental health counseling business, from in or about July, 2022, to in or about the end of November, 2022.

**Corporate Defendant**

12. Clear Conscience is a New Jersey Limited Liability Corporation, with its main business address listed as 2509 Park Avenue, Suite 2B, South Plainfield, New Jersey, 07080.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant employ individuals to perform labor and services on its behalf.

**Individual Defendant**

14. Upon information and belief, Defendant John Gore is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendant have been an owner, partner, officer and/or manager of the Defendant Clear Conscience.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant has had power over personnel decisions at the Defendant Clear Conscience's business.

17. The individual Defendant, Gore, was regularly present at the Clear conscience office and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all assistants who work at the Defendants' counseling business.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## **FACTS**

27. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately 2022, and continuing to date, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their mental health counseling business.

28. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

29. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

30. Plaintiff Aiello was generally paid straight time for overtime hours.

31. Plaintiff Aiello routinely worked between forty (40) and fifty (50) hours per workweek.

32. Plaintiff rarely worked less than forty (40) hours in a workweek.

33. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff at her regular rate of pay for all hours worked.

34. Plaintiff was not paid time and one half for her hours worked over forty (40) in a workweek.

35. Upon information and belief, employees similarly situated to Plaintiff were also only compensated straight time for all hours worked, regardless of whether they worked in excess of forty (40) hours in a workweek.

36. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

37. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

38. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

6

40. Plaintiff is entitled to compensation for each of her overtime hours worked in a work week.

41. All similarly situated employees of the Defendants are also owed compensation at their overtime rate of pay for all overtime they worked and were not properly paid.

42. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

43. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

44. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages, costs and attorneys' fees.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

47. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

48. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated

employees suffered damages, including but not limited to past lost earnings.

49. As a result of Defendants' violations of the NJWHL, Plaintiff and those similarly situated employees are entitled to liquidated damages, costs and attorneys' fees.

## JURY TRIAL

50. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL.

Dated: February 8, 2023                                          Respectfully submitted,

/s/ Jodi J. Jaffe
Jodi Jaffe, Esq.
E-mail: jjaffe@jaffeglenn.com
Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308
*Attorneys for Plaintiff and Putative Collective*